## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHELSEA HOWELL,
an individual,

Case No.:

      Plaintiff,

v.

DISCOVER PRODUCTS, INC.,
a foreign for-profit corporation,
and
RAUSCH, STURM, ISRAEL,
ENERSON & HORNIK LLP
a foreign limited liability partnership,

      Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, CHELSEA HOWELL (hereinafter, "Plaintiff" or "Howell"), by and through the undersigned counsel, and hereby sues Defendants, DISCOVER PRODUCTS, INC. (hereinafter, "DISCOVER"), and RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLP (hereinafter, "LAW FIRM")(hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.    This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692 *et seq*. wherein Defendants attempt

1

to collect an illegitimate consumer debt from Plaintiff—via written debt collection correspondence—despite possessing knowledge that Plaintiff did not owe the consumer debt.

2.      Additionally, this is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein LAW FIRM requested and obtained Plaintiff's Trans Union consumer credit report without a lawful permissible purpose.

## JURISDICTION, VENUE & PARTIES

3.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1692, *et seq.,* and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

4.      Defendants are each subject to the jurisdiction of this Court as each regularly transacts business in this District, and the events described herein occur in this district.

5.      Venue is proper in this District as the acts and transactions described herein occur in this District.

6.      At all material times herein, Plaintiff is a natural person residing in Hillsborough County, Florida and is a "consumer" as defined by the FCCPA and FDCPA.

7.      At all material times herein, DISCOVER is a foreign entity that does business in Florida and is a "person" as defined by the FCCPA.

8.      At all material times herein, LAW FIRM is a foreign entity that does business in Florida and is a "debt collector" as defined by the FCCPA and FDCPA.

## FCRA STATUTORY STRUCTURE

2

9.      Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

10.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  *Id.* at § n.

11.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney fees.  *Id.* at § o.

## FCCPA AND FDCPA STATUTORY STRUCTURE

12.     The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

3

13.     The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

14.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*."  15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

15.     The FDCPA prohibits debt collectors from attempting to collect a debt that is not owed.  *See* 15 U.S.C. § 1692e(2)(A).

16.     Similarly, the FCCPA prohibits a debt collector and/or person from attempting to collect a debt when they know it is not legitimate. *See* Fla. Stat. § 559.72(9).

## GENERAL ALLEGATIONS

17.     At all material times herein, DISCOVER and LAW FIRM, themselves and through their subsidiaries, regularly service consumer credit accounts—and collect debts associated with the same—from consumers in Hillsborough County, Florida.

18.     At all material times herein, Defendants attempt to collect consumer debt from Plaintiff, including but not limited to, an alleged DISCOVER credit card balance allegedly due

from Plaintiff referenced by account number ending -0125 (hereinafter, the "Debt").

19.     At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

20.     At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by the FCCPA and FDCPA.

21.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

22.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

## **FACTUAL ALLEGATIONS**

23.     In November 2017, Plaintiff and DISCOVER entered into a settlement agreement ("Settlement") in which DISCOVER agreed to waive the outstanding balance Plaintiff owed to DISCOVER.

24.     Despite this, sometime thereafter, DISCOVER retained LAW FIRM in order to collect the Debt from Plaintiff.

25.     On August 14, 2020, LAW FIRM mailed a collection letter ("Collection Letter") to Plaintiff, which she received, attempting to collect the Debt.  A true and correct copy of said letter is attached hereto as **Exhibit A**.

26.     LAW FIRM's Collection Letter attempted to collect an illegitimate Debt on behalf,

and at the direction of, DISCOVER.

27.     Further, On July 31, 2020, LAW FIRM impermissibly accessed PLAINTIFF's Transunion Credit Report and performed an Account Review Inquiry (purportedly related to the Discover account).

28.     After the Settlement, there existed no continuing business relationship between Plaintiff and DISCOVER, and there remained no balance to collect.

29.     Accordingly, after the Settlement, there existed no permissible purpose for LAW FIRM to access Plaintiff's credit reports neither for account review nor debt collection purposes.

30.     LAW FIRM's actions violated Plaintiff's privacy as each gained access to Plaintiff's highly sensitive and personal information without a permissible purpose.

31.     In today's age of digital piracy, the safekeeping of one's personal and sensitive information—such as addresses, telephone numbers, account numbers, and social security numbers—are of paramount importance.

32.     LAW FIRM's access to such highly sensitive and personal information increases the risk of identity theft and is the exact type of harm the FCRA is designed to protect.

33.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

34.     As a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion because she believed this

matter was resolved long ago and feared she may still owe the Debt.

35.     The FCCPA, Section 559.77, provides for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against DISCOVER and LAW FIRM.

36.     The FDCPA provides for the award of up to $1,000 statutory damages, actual damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against LAW FIRM.

37.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against LAW FIRM.

### COUNT ONE: DISCOVER and LAW FIRM
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(9)

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

38.     Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.55(9) by attempting to collecting a consumer debt from Plaintiff when they knew that the Debt was not legitimate.

39.     As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:  LAW FIRM
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692e(2)(A)

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

40.     LAW FIRM is subject to, and violated the provisions of, United States Code, Section 1692e(2)(A) by attempting to collect a consumer debt when the debt is not owed.

41.     As a direct and proximate result of LAW FIRM's actions, Plaintiff sustained damages as defined by United States Code, Section 1692k.

## COUNT THREE: LAW FIRM
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681b(f)</u>

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

42.     LAW FIRM is subject to, and violated the provisions of, 15 United States Code, Section 1681b(f) by using or obtaining Plaintiff's consumer credit reports without possessing a purpose authorized by the FCRA, 15 United States Code, Section 1681b(a).

43.     Specifically, Section 1681b(a) limits access to a consumer's credit reports for certain limited permissible purposes.

44.     LAW FIRM did not possess a permissible or authorized purpose for accessing Plaintiff's personal consumer credit reports—which contained highly sensitive and personal information—as the Settlement eliminated Plaintiff's personal legal obligation with respect to the Debt.

45.     LAW FIRM's conduct constitutes a knowing and willful decision to access Plaintiff's personal consumer credit report without a permissible purpose or under false pretenses.

8

46.     In today's age of digital piracy, the safekeeping of one's personal and sensitive information—such as addresses, telephone numbers, account numbers, and social security numbers—are of paramount importance.

47.     LAW FIRM's access to such highly sensitive and personal information increases the risk of identity theft and is the exact type of harm the FCRA is designed to protect.

48.     LAW FIRM's violation of 15 United States Code, Section 1681b(f), constitutes negligent, or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, and attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against DEFENDANTS declaring that they violated the FCCPA;

b.     Judgment against DEFENDANTS for maximum statutory damages for the violations of the FCCPA;

c.     Judgment against LAW FIRM declaring that LAW FIRM violated the FDCPA;

d.     Judgment against LAW FIRM for maximum statutory damages for the violations of the FDCPA;

e.     Judgment against LAW FIRM for maximum statutory damages for violations of the FCRA;

9

f.      Actual damages in an amount to be determined at trial;

g.      Compensatory damages in an amount to be determined at trial;

h.      Punitive damages in an amount to be determined at trial;

i.      An award of attorney's fees and costs; and

j.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW, P.A.**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
10460 Roosevelt Blvd. North
Suite 313
St. Petersburg, FL 33703
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Counsel for Plaintiff*